UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **RHONDA C. HEBERT** | CIVIL ACTION NO. _____ |
| **VERSUS** | JUDGE: _____ |
| **EXPEDITORS & PRODUCTION SERVICES, INC., ET AL** | MAGISTRATE JUDGE: _____ |

## ORIGINAL COMPLAINT

Plaintiff, **RHONDA C. HEBERT**, a resident of and domiciled in the State of Louisiana, Parish of Iberia, complaining of **EXPEDITORS & PRODUCTIONS SERVICES, INC.**, a domestic corporation doing business at all times material within the State of Louisiana and within the Western District of Louisiana; and **HORNBECK OFFSHORE SERVICES, LLC.**, a foreign limited liability company doing business at all times material hereto within the State of Louisiana and believed to do business within the Western District, respectfully represents that:

1.

This is an action for damages brought by Plaintiff, **RHONDA C. HEBERT**, under the Jones Act, alleging that she was injured while in the course and scope of her employment with defendant, **EXPEDITORS & PRODUCTION SERVICES, INC.**, as a Jones Act Seaman. Plaintiff hereby designates this suit as an admiralty or maritime claim within the provisions of the Federal Rules of Civil Procedure, Rule 9(h). Plaintiff will show that on or about February 23, 2022, she received serious and disabling injuries in course and scope of her employment with **EXPEDITORS & PRODUCTION SERVICES, INC.**, while serving as a seaman in the

service of a vessel (Vessel name: HOS WARLAND) owned by Defendant, **HORNBECK OFFSHORE SERVICES, INC.** and operated by Defendant, **HORNBECK OFFSHORE SERVICES, INC.** The complained of injuries that Plaintiff received were proximately caused by and resulted solely through the negligence of the Defendants, its masters, agents, servants, and employees because of their negligent acts and/or because of the unseaworthiness of the vessel, HOS WARLAND.

JURISDICTION

2.

Jurisdiction is founded upon Federal Question (28 U.S.C. sec. 1331) pursuant to the Jones Act (46 U.S.C.A. sec. 30104).

VENUE

3.

Plaintiff, **RHONDA C. HEBERT**, is a person of the full age of majority, domiciled in the Parish of Iberia, in the State of Louisiana.

4.

Defendant, **EXPEDITORS & PRODUCTIONS SERVICES, INC.**, is a domestic corporation doing business in the State of Louisiana, with its principal office at 425 Industrial Parkway, Lafayette, Louisiana 70508, and the Registered Office is 425 Industrial Parkway, Lafayette, LA 70508. Upon information and belief, at all pertinent times, Defendant, **EXPEDITORS & PRODUCTION SERVICES, INC.**, was the Jones Act Employer of Plaintiff when she was injured.

Defendant, **HORNBECK OFFSHORE SERVICES, LLC**, is a foreign limited liability

company doing business in the State of Louisiana, with its principal business address at 103 Northpark Blvd., Suite 300, Covington, LA 70433, domiciliary address at 251 Little Falls Drive, Wilmington, DE 19808 and Registered Office in Louisiana at 501 Louisiana Avenue, Baton Rouge 70802. Upon information and belief, at all pertinent times, Defendant, **HORNBECK OFFSHORE SERVICES, LLC,** was the owner and operator of the vessel (HOS WARLAND).

COMPLAINT

5.

On or about February 23, 2022, Plaintiff, **RHONDA C. HEBERT**, was employed by Defendant, **EXPEDITORS & PRODUCTION SERVICES, INC.** as a Medic and was permanently assigned to the HOS WARLAND and/or other vessels owned by defendant, **HORNBECK OFFSHORE SERVICES, LLC.** The HOS WARLAND is a vessel and is believed to be owned and operated by Defendant, **HORNBECK OFFSHORE SERVICES, LLC.**

6.

Plaintiff, **RHONDA C. HEBERT**, had been permanently assigned to the HOS WARLAND and/or other vessels owned by Defendant, **HORNBECK OFFSHORE SERVICES, LLC.** for a little over a year, and was employed as a MEDIC to work onboard the vessel, to provide emergency medical treatment to personnel working onboard the HOS WARLAND. On the date in question, Plaintiff was in the Shower area of the Infirmary (where she worked) at approximately 5:30 a.m. As she was a female working aboard the vessel, she always locked the door to the infirmary when she took a shower. While in the shower, she heard someone attempting to open the door to the infirmary from the outside and was startled.

Believing that some perhaps some employee had been injured, she attempted to hurry out of the shower to get dressed, wherein her she slipped, fracturing her ankle, and suffering serious debilitating injuries to her ribs, spine, along with other injuries.

7.

There were no safety bars on the sides of the shower, only one along the back side of the shower, which she could not hold on to as she exited the shower. Additionally, as she was exiting the shower, her ankle buckled, and Plaintiff attempted to grab hold of the towel rack which broke away causing her to fall headlong onto the toilet, seriously injuring her spine and ribs.

8.

The Defendants are liable unto the Plaintiff for the injuries and damages she sustained on or about February 23, 2022, as a result of the negligent actions of the Defendants as set forth herein.

9.

Defendant, **HORNBECK OFFSHORE SERVICES, LLC**, violated the Maritime Duty to provide a Seaworthy Vessel in the following respects:

- a. Failure to notice unreasonable risks of harm caused by the vessel in question;
- b. Failure to notice unreasonable risks of harm caused by the vessel in question's appurtenances;
- c. Failure to notice unreasonable risks of harm caused by the vessel in question's crew;
- d. Creation of and/or failure to eliminate hazardous or unsafe conditions;
- e. Failure to correct or conduct maintenance on unreasonable risks of harm cause by the vessel and/or crew in question;
- f. Failure to provide appropriate safety bars in the shower;
- g. Failure to correct or conduct maintenance on unreasonable risks of harm caused by the vessel in question's appurtenances;
- h. Failure to properly supervise and/or train and educate Plaintiff and fellow

Case 6:23-cv-00231-TAD-DJA Document 1 Filed 02/22/23 Page 5 of 9 PageID #: 5

          employees;
i.     Failure to provide a Seaworthy Vessel;
j.     Failure to do that which should have been done so as to avoid the accident in question.

10.

Defendant, **EXPEDITORS AND PRODUCTION SERVICES, INC.**, violated the General Maritime Law and the Jones Act, in the following respects:

a.     Failure to notice unreasonable risks of harm caused by the vessel in question;
b.     Failure to notice unreasonable risks of harm caused by the vessel in question's appurtenances;
c.     Failure to notice unreasonable risks of harm caused by the vessel in question's crew;
d.     Creation of and/or failure to eliminate hazardous or unsafe conditions;
e.     Failure to correct or conduct maintenance on unreasonable risks of harm cause by the vessel and/or crew in question;
f.     Failure to provide appropriate safety bars in the shower;
g.     Failure to correct or conduct maintenance on unreasonable risks of harm caused by the vessel in question's appurtenances;
h.     Failure to properly supervise and/or train and educate Plaintiff and fellow employees;
i.     Failure to provide a Seaworthy Vessel;
j.     Failure to promptly provide medical "Cure" obligations owed to a seaman;
k.     Failure to pay Maintenance obligations owed to a seaman;
l.     Failure to do that which should have been done so as to avoid the accident in question.

11.

As a result of the foregoing incident, Plaintiff has experienced severe pain and suffering, mental anguish and anxiety, residual physical and mental impairment and disability entitling her to damages for such an amount exceeding the jurisdictional minimum of $75,000 and reasonable as set by this Court.

12.

As a result of the aforementioned accident and subsequent injuries set forth herein, Plaintiff has in the past incurred medical expenses, including treatment for the injuries she sustained in this accident and anticipates more medical expenses in the future.

13.

At the time of the accident and injuries set forth herein, Plaintiff was gainfully employed as a Medic with Defendant, **EXPEDITORS AND PRODUCTION SERVICES, INC.** As a result of the accident, injuries and described disability herein, Plaintiff has suffered economic loss consisting of past, present and future loss of wages and loss of earnings capacity in a reasonable amount set by this Court.

14.

Pursuant to the General Maritime Laws of the United States of America, Defendant, **EXPEDITORS AND PRODUCTION SERVICES, INC.** owed the absolute and non-delegable duty to provide plaintiff with maintenance and cure from the date of her injury until full recovery.

COMPLAINT AS TO MAINTENANCE AND CURE:

15.

Plaintiff, **RHONDA C. HEBERT**, received the injuries complained of in this matter on February 23, 2022. Plaintiff requested treatment be afforded her by her maritime employer, **EXPEDITORS AND PRODUCTION SERVICES, INC.** Plaintiff also requested that she receive benefits under workers compensation for the injuries that she received in the fall aboard the vessel. Plaintiff, **RHONDA C. HEBERT** was told by her maritime employer, **EXPEDITORS AND PRODUCTION SERVICES, INC.**, that since she was "injured on her own time, workers comp would not cover the accident." Accordingly, Plaintiff has not been paid

Maintenance and Cure obligations as owed to her by her maritime employer, **EXPEDITORS AND PRODUCTION SERVICES, INC.**

16.

Dr. William Cenac has recommended that Plaintiff undergo removal of several ribs due to her contracting Thoracic Outlet Syndrome from the fall, along with other injuries to her lumbar spine, and fracturing her ankle and other injuries in the accident. To date, no medical care has been afforded by her maritime employer, **EXPEDITORS AND PRODUCTION SERVICES, INC.**, nor has she been paid any Maintenance due to her inability to return to work.

17.

Despite this request for Maintenance and Cure, **EXPEDITORS AND PRODUCTION SERVICES, INC.** has arbitrarily and capriciously failed to pay for plaintiff's surgery as further outlined above.

18.

Because of **EXPEDITORS AND PRODUCTION SERVICES, INC.'s** wrongful, arbitrary, and capricious denial of maintenance and cure to plaintiff, plaintiff is entitled to the following damages:

(i) General damages for arbitrary and capricious denial of maintenance and cure remedies;

(ii) Pecuniary damages for arbitrary and capricious denial of maintenance and cure remedies;

(iii) Attorney's fees to prove plaintiff's entitlement to maintenance and cure remedies; and

(iv) Punitive damages for arbitrary and capricious denial of maintenance and cure

remedies.

28.

**EXPEDITORS AND PRODUCTION SERVICES, INC**'s failure and/or refusal to pay the plaintiff's Maintenance and Cure benefits has been willful, wanton, arbitrary, capricious and without cause as outlined above. As a result, the plaintiff has had to endure additional and unnecessary pain and suffering. As a result thereof, **EXPEDITORS AND PRODUCTION SERVICES, INC.** is liable unto the plaintiff for additional compensatory damages in a full and true amount to be determined at the trial of this matter, together with interest from the date of occurrence, penalties, attorney's fees and all costs of these proceedings, in addition to punitive damages pursuant to the Supreme Court of the United States' ruling in *Atlantic Sounding Co., Inc. v. Townsend*, 129 S. Ct. 2561 (2009).

**WHEREFORE, PLAINTIFF, RHONDA C. HEBERT**, prays:

1. For judgment against said all Defendants, condemning said Defendants to pay Plaintiff a sum set by this Honorable Court, together with interest and costs, and for compensatory and all other equitable relief.

2. There be judgment herein in favor of the plaintiff and against Defendant, **EXPEDITORS AND PRODUCTION SERVICES, INC.**, for additional compensatory damages and punitive damages for the defendant's arbitrary, capricious, and/or without cause failure and/or refusal to pay plaintiff's Maintenance and Cure benefits, in an amount to be determined at trial, together with interest from the date of occurrence, attorney's fees, and all costs of these proceedings.

**PLAINTIFF FURTHER PRAYS** for all legal interest from date of judicial demand

until paid, all costs of these proceedings, all expert witness fees, all costs of medical reports, and all other just and equitable relief to which Plaintiff is entitled.

        Respectfully Submitted:
        **GALLOWAY JEFCOAT, L.L.P.**

        /S/ Rusty Galloway

BY:   **RUSTY GALLOWAY (T.C.) (24100)**
        Post Office Box 61550
        Lafayette, Louisiana 70596-1550
        Telephone:   337/984-8020
        Facsimile:    337/984-7011
        rustyg@gallowayjefcoat.com
        *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that a copy of the foregoing has been uploaded to the CM/ECF Filing System for the Western District of Louisiana on this 22nd day of February, 2023.

        /S/ Rusty Galloway
        **RUSTY GALLOWAY**